**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LUANNE E. LORASS,

Plaintiff,

v.

LESLIE M. METZEN,
PATRICE K. SUTHERLAND,
STATE OF MINNESOTA,
DAKOTA COUNTY,
ROBERT GALVIN,
PATRICK T. SKELLY,
PAUL A. JEDDELOH,
FERDINAND F. PETERS,
THE LAW OFFICES OF PETERS,
JEDDELOH & SKELLY, L.L.P., and
SHIRLEY A. REIDER,

Defendants.

Civil No. 00-1237 (JRT/FLN)

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

---

Luanne E. Lorass, 350 Burnsville Parkway, Suite 400, Burnsville, MN 55337, *pro se*.

Lewis A. Remele, Jr. and Charles Edward Lundberg, BASSFORD LOCKHART TRUESDELL & BRIGGS, 3550 Multifoods Tower, 33 South Sixth Street, Minneapolis, MN 55402, for defendant Galvin.

Richard J. Thomas and Byron Glen Ascheman, BURKE & THOMAS, 3900 Northwoods Drive, Suite 200, St. Paul, MN 55112, for defendants Skelly, Jeddeloh, Peters, Reider, and The Law Offices of Peters, Jeddeloh & Skelly, L.L.P.

FILED SEP 05 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. SEP 05 2001
DEPUTY CLERK

Kari Jo Ferguson, Assistant Attorney General, OFFICE OF THE MINNESOTA ATTORNEY GENERAL, 445 Minnesota Street, St. Paul, MN 55101, for defendants Sutherland, Metzen, and the State of Minnesota.

Andrea Gail White, Assistant Dakota County Attorney, OFFICE OF THE DAKOTA COUNTY ATTORNEY, 1560 West Highway 55, Hastings, MN 55033, for defendant Dakota County.

Plaintiff Luanne Lorass[1] has brought suit against defendants on numerous grounds. Plaintiff alleges malicious prosecution and intentional infliction of emotional distress against all defendants. She also alleges a claim against all defendants, except the State of Minnesota, for violation of her constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff also alleges abuse of process against individual defendants Patrick Skelly, Paul Jeddeloh, Ferdinand Peters, Shirley Reider ("defendant attorneys"), Robert Galvin, and against The Law Offices of Peters, Jeddeloh & Skelly, L.L.P ("defendant law firm"). Finally, plaintiff asserts claims of tortious interference with contract and prospective relations, fraud, and violations of Minn. Stat. § 481.07 and § 481.071 against Skelly.[2]

Defendants moved to dismiss the Complaint or for summary judgment and plaintiff moved for a default judgment.[3] These motions were referred by the Court to Chief United States Magistrate Judge Franklin L. Noel. This matter is now before the Court on plaintiff's objections to the Report and Recommendation ("R&R") of the

[1] Plaintiff has commenced this litigation pro se, but is an attorney.

[2] Plaintiff also claims that these violations warrant an award of punitive damages.

[3] Defendant attorneys also moved for an extension of time to file a motion to dismiss.

Magistrate Judge, dated February 15, 2001.[4] The Magistrate Judge recommended granting the motions to dismiss or for summary judgment of Sutherland, Metzen, the State of Minnesota and Dakota County. The Magistrate Judge also recommended granting defendant Galvin's motion to dismiss for failure to state a claim, as well as defendant attorneys and defendant law firm's motion to dismiss or for summary judgment. Finally, Magistrate Noel recommended denying plaintiff's motion for a default judgment against defendant attorneys, defendant law firm and Galvin, as well as recommended granting defendant attorneys' motion to extend time to file a motion to dismiss.

The Court has conducted a de novo review of plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. L.R. 72.1(c)(2). For the reasons set forth below, the Court overrules plaintiff's objections and adopts the R&R of the Magistrate Judge.

## BACKGROUND

Plaintiff's claims arise out of her representation of Deborah Galvin, the wife of defendant Robert Galvin, in a divorce proceeding that was venued in Dakota County, Minnesota. Defendant Galvin was represented in the divorce proceeding by defendants Skelly and Jeddeloh of the Law Offices of Peters, Jeddeloh & Skelly. Portions of the divorce proceedings were presided over by defendants Patrice Sutherland and Leslie Metzen, Minnesota State District Court Judges. Defendant Reider represented defendant

[4] The Magistrate Judge also issued a Supplemental Report and Recommendation, dated February 20, 2001, because of a clerical error in the first R&R.

Skelly, after it became clear that Skelly might need to be a witness in the fee proceeding resulting from the Galvin divorce proceedings.

The Court will not attempt to repeat the entire factual background of this case that was explained in detail in the R&R of Magistrate Judge Noel. However, the Court notes many of plaintiff's claims stem from her interactions with defendant Skelly before and during the Galvin divorce trial. Most of plaintiff's other claims arise from the attorney fee proceedings instituted by Galvin and Skelly against plaintiff after a divorce settlement was reached between Robert and Deborah Galvin. Ultimately, the fee proceeding was abandoned after the issue had been submitted to and then removed from binding arbitration.

## ANALYSIS

The Court has had significant difficulty understanding plaintiff's objections to the R&R. It appears that plaintiff objects to specific wording choices used by the Magistrate Judge in his recitation of the background facts and in his legal analysis. After reviewing the record in the case, the Court finds no basis for these factual objections raised by plaintiff. The Magistrate Judge appropriately and accurately set forth the background facts of the case necessary for his legal analysis. Accordingly, the factual objections made in the first eight pages of plaintiff's objections are overruled.

The remainder of objections made by plaintiff appear to be directed at the Magistrate Judge's legal analysis. However, the objections fail to provide any relevant legal authority or coherent legal argument that call into question the legal analysis made

by the Magistrate Judge. As a result, the Court overrules plaintiff's objections and adopts the well-reasoned R&R of the Magistrate Judge.

**ORDER**

Based on the foregoing, the submissions of the parties, and all of the files, records, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 70], and **ADOPTS** the Report and Recommendation and the Supplemental Report and Recommendation of the Magistrate Judge [Docket Nos. 63 & 64]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Motion to Dismiss or For Summary Judgment by defendants Sutherland, Metzen and the State of Minnesota is [Docket No. 5] is **GRANTED**.

2. Defendant Galvin's Motion to Dismiss for Failure to State a Claim [Docket No. 23] is **GRANTED**.

3. Defendant Galvin's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Docket No. 12] is **DENIED AS MOOT**.

4. Defendant Attorneys' Motion to Extend Time to File Motion to Dismiss [Docket No. 56] is **GRANTED**.

5. Defendant Attorneys and defendant Law Firm's Motion to Dismiss or for Summary Judgment [Docket No. 30] is **GRANTED**.

6. Defendant Dakota County's Motion to Dismiss [Docket No. 32] is **GRANTED**.

7. Plaintiff's Motion for a Default Judgment against defendant attorneys and defendant law firms [Docket No. 41] is **DENIED**.

8. Plaintiff's Motion for a Default Judgment against defendant Galvin [Docket No. 43] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 5, 2001
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:** September 5, 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.